IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Margaret S. Hunt,                          )
                                           )
                        Plaintiff,         )        C.A. No. 4:07-3561-HMH-TER
                                           )
            vs.                            )        **OPINION & ORDER**
                                           )
Michael J. Astrue, Commissioner of        )
Social Security,                           )
                                           )
                        Defendant.         )

    This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (2006)

and Local Civil Rule 73.02 for the District of South Carolina.[1]

    Margaret S. Hunt ("Hunt") seeks judicial review of the Commissioner of Social

Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB")

under Title II of the Social Security Act.  In his Report and Recommendation, Magistrate Judge

Rogers recommends reversing the Commissioner's decision and awarding benefits.  The

Commissioner objects to the Report and Recommendation.  For the reasons stated below, the

court reverses the Commissioner's decision and remands the case solely for an award of

benefits.

---

[1] The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 38-52.), and summarized as follows.  At the time of the ALJ's decision on May 3, 2005, Hunt was a fifty-five-year-old woman with one year of college education and past relevant work as a nursery school attendant, claims service representative, administrative assistant, and receptionist.  (Id. at 125, 131, 133.)  Hunt alleges that she has been disabled since July 18, 2001, due to diabetes, neuropathy of the feet, shortness of breath, bladder difficulties, fibromyalgia, depression, back pain, asthma, and obstructive sleep apnea.  (Id. at 38-39.)  In addition, subsequent to the ALJ's decision, Hunt alleges that she was diagnosed with severe restrictive lung disease.  (Id. at 12.)

Hunt filed applications for DIB on June 27, 2002.  Hunt's applications were denied initially and on reconsideration.  After a hearing held November 30, 2004, the ALJ issued a decision dated May 3, 2005, denying benefits.  Thereafter, Hunt appealed and the Appeals Council issued a decision on September 13, 2007, finding that Hunt has been disabled since April 4, 2005, but was able to perform a significant number of jobs in the national economy prior to that date.  (Id. at 8-10.)  Hunt filed the instant action on November 19, 2007.

## II. REPORT AND RECOMMENDATION

The magistrate judge found that the ALJ's decision was not supported by substantial evidence because the ALJ improperly discounted Hunt's treating physicians' opinions.  Accordingly, the magistrate judge recommended reversing the Commissioner's decision and awarding Hunt benefits.  (Report and Recommendation, generally.)

### III. DISCUSSION OF THE LAW

#### A.  Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees.  See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

#### B. Objections

The Commissioner objects to the magistrate judge's conclusion that the Commissioner's final decision was not supported by substantial evidence.  Specifically, the Commissioner alleges that the ALJ properly discounted the opinions of Hunt's treating physicians. (Objections, generally.)

#### 1.  Treating Physician Standard

The ALJ must afford controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques.  20 C.F.R. § 404.1527(d)(2) (2006).  "[A] treating physician's

3

opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "Thus, by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (internal quotation marks omitted). In addition, opinions regarding disability are reserved for the Commissioner and are not medical opinions. See Determining Disability and Blindness Medical Considerations–Evaluating Opinion Evidence, 20 C.F.R. § 404.1527(e) (2005). However, in making such a determination, the Commissioner will "review all of the medical findings and other evidence that support a medical source's statement that [a claimant is] disabled." Id.

Under § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following five factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. §§ 404.1527(d)(2) (i-ii) and (d)(3)-(5). Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188, at * 5 (1996).

The magistrate judge found

> that there is no conflicting medical evidence cited by the ALJ which could justify
> ignoring the opinions of Drs. Hardin, Rich, Heckel, McLain, Adams, Khoury and
> Breen.  There is no contradictory evidence from an examining or treating physician
> put forth by the ALJ to completely ignore the disability determination and
> functional assessment of plaintiff by the doctors.  Without any medical evidence to
> contradict these reports, the undersigned finds that the ALJ should have given these
> opinions of the treating physicians proper weight.

(Report & Recommendation 9.)  The Commissioner argues that the ALJ properly discounted the

treating physicians' opinions.  The Commissioner alleges that

> Examining the entire record, the ALJ concluded that Plaintiff was not credible. And
> that affected the ALJ's perception of the treating physicians' opinions. And there
> were issues with each of the opinions that undermined the ALJ's confidence in
> them.  The ALJ had little confidence in the treating physicians' ability to make a
> considered judgment. The ALJ simply could not accept the treating physicians'
> opinions and had to accept the opinions of the medical experts.

(Objections 3 (citations omitted).)  The ALJ found Hunt "to be less than fully credible" as

follows:

> I have noted that she is often argumentative with medical sources and even
> threatened to spontaneously black out if she was not accommodated, she has been
> denied narcotic and other pain medications based on lack of clinical findings and
> she is overly dramatic in presenting her symptoms.  She has been advised to swim
> three times per week but there is no evidence that she complied and, according to
> witness testimony, she worked for a three-month period in 2003 (20 -30 hours per
> week) filing vouchers and tickets with some errors (testimony).  Although this work
> is not confirmed as substantial gainful activity, it is some indication of the
> claimant's ability to work.
>
> After considering the claimant's activities including her part-time work activity, the
> lack of hospitalizations or frequent emergency room visits, the mild clinical and
> laboratory findings of record, the absence of report in treatment notes of significant
> side-effects attributable to medication, the evidence that the claimant over-presents
> her symptoms, the evidence of noncompliance with treatment (psychiatric therapy
> and swimming) and her argumentativeness and threatening behavior to medical
> staff if not accommodated, and some evidence showing that the claimant might

5

have altered some of the medical record, I find her allegations of disabling pain and limited functional capacity to be less than fully credible.

(R. at 46.)  However, after review of the treating physicians' opinions, the court finds that Hunt's credibility did not undermine her treating physicians' opinions such that they should be afforded little weight.  Hunt has been seen by numerous physicians in varying medical specialties, who opine that Hunt has been unable to work during the relevant time period because of her conditions.  The court agrees with Magistrate Judge Rogers' discussion and analysis of the ALJ's decision to afford little weight to Hunt's treating physicians' opinions in the Report and Recommendation and specifically incorporates it herein.  Hunt is entitled to DIB benefits from the disability onset date until April 4, 2005.  As noted above, Hunt has already been afforded DIB benefits beginning April 4, 2005.

Courts are empowered by 42 U.S.C. § 405(g) to affirm, modify, or reverse the decision of the Commissioner with or without remanding the case for a hearing.  See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).  Although the Commissioner requested that the court remand the case for further proceedings if it could not affirm the ALJ's decision, the court finds that remanding the case would be fruitless, as there is no need for further hearings or development of the facts. Therefore, the court adopts the magistrate judge's Report and Recommendation, reverses the Commissioner's decision, and remands the case for a determination of benefits.

It is therefore

**ORDERED** that the Commissioner's decision is reversed and the case is remanded for a

determination of benefits.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 19, 2009

7